## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY TWITTY,** | CIVIL ACTION |
| *Petitioner,* | |
| v. | No. 17-5016 |
| **BARRY SMITH, ET AL.,** | |
| *Respondents.* | |

## ORDER

**AND NOW**, this 13th day of May, 2019, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 3), and after review of the Report and Recommendation of United States Magistrate Judge Harry S. Perkin (Doc. No. 23), and Petitioner's Objections thereto (Doc. No. 26), I find as follows:

1. In 2003, Petitioner, Anthony Twitty, was convicted of, among other things, rape and involuntary deviate sexual intercourse.[1] His conviction was affirmed on direct appeal by the Pennsylvania Superior Court, and the Pennsylvania Supreme Court denied direct review in 2005.

2. In 2007, Petitioner filed a petition for state collateral review under the Pennsylvania Post-Conviction Relief Act ("PCRA"). The petition was dismissed without an evidentiary hearing. In 2010, the Pennsylvania Superior Court affirmed the dismissal of the petition, and the Pennsylvania Supreme Court denied review.

---

[1] The complete factual and procedural background of this matter is not recounted here, as it is fully set out in Judge Perkin's Report and Recommendation. (See R&R 2–9.)

1

3. Approximately seven years later, in October 2017, Petitioner initiated these federal habeas proceedings, *pro se*, contending that an improper jury instruction regarding the burden of proof was given during his 2003 trial, and that his trial counsel was ineffective for failing to object to it.

4. In his Report and Recommendation ("R&R"), Judge Perkin recommended denying the Petition as time-barred under the one-year statute of limitations for a federal habeas petition set out in 28 U.S.C. § 2244(d). Judge Perkin noted that Petitioner's conviction became final on March 28, 2006, after the Pennsylvania Supreme Court declined to review the case on direct appeal, and the time for seeking a writ of certiorari from the United States Supreme Court expired. Petitioner, however, did not file his federal petition until late 2017—more than ten years later. Judge Perkin further concluded that the Petition did not satisfy any statutory or equitable grounds for tolling. (See R&R 9–19.)

5. Petitioner has filed objections to the R&R. I will review *de novo* those portions of the R&R to which Petitioner has specifically objected, but will otherwise not re-address the issues discussed in the R&R apart from noting that Judge Perkin addressed the pertinent issues thoroughly and correctly. See Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984) (holding that *de novo* review by a district court is not required where no specific objection to the report and recommendation is made).

6. Petitioner essentially raises three objections to the R&R, none of which have any merit. First, Petitioner objects that Judge Perkin did not reach the merits of his ineffective assistance of counsel claim, and instead denied the Petition on the grounds that it was time-barred. (See Pet'r's Objections 5–7.) However, a court need not reach the merits of a habeas claim if the petition is barred by the statute of limitations set out in § 2244(d) and is not

subject to statutory or equitable tolling. See, e.g., Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003) (affirming district court's dismissal of petition as time-barred without reaching merits of the habeas claim).

7. Second, Petitioner contends that Judge Perkin erred by finding "the March 28, 2007 date as being the date that he was to file his [federal habeas] petition," and notes that the PCRA court reinstated his right to appeal that court's denial of his PCRA petition on April 29, 2009. (Pet'r's Objections 2, 4.) But that misstates Judge Perkin's conclusion. As Judge Perkin concluded, while Petitioner's PCRA petition did toll the statute of limitations for filing his federal habeas petition (and *but for* the filing of a PCRA petition, Petitioner's federal habeas petition *would have been* due by March 28, 2007), Petitioner's PCRA petition was no longer pending after the Pennsylvania Supreme Court ultimately denied review of the petition in 2010. And yet, Petitioner did not bring his federal habeas petition until nearly seven years later—long after the expiration of the statute of limitations. (See R&R 12-13.)

8. Third, Petitioner objects to Judge Perkin's recommendation that a certificate of appealability ("COA") be denied, contending that, in order to obtain a COA, he "need only show that [a] reasonable jurist would find it debatable whether Petitioner states a valid claim of the denial of a constitutional right, and that [a] jurist of reason would find it debatable whether the district court was correct in its procedural ruling." (Pet'r's Objections 2, 7–8 (citing Slack v. McDaniel, 529 U.S. 473 (2000.))) However, Petitioner does not explain how jurists of reason could debate the timeliness of his federal habeas petition. Indeed, as explained above, the untimeliness of the Petition is beyond serious dispute.

**WHEREFORE**, it is hereby **ORDERED** that:

- Petitioner's Objections (Doc. No. 26) are **OVERRULED**.

- The Report and Recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED**.

- The Petition for a Writ of Habeas Corpus (Doc. No. 3) is **DENIED** and **DISMISSED WITH PREJUDICE**.

- No certificate of appealability shall issue because jurists of reason would not find it debatable whether the Petition is barred by the statute of limitations set out in § 2244(d). Slack v. McDaniel, 529 U.S. 473, 484 (2000).

- The Clerk of Court shall **CLOSE** this case.

                                      **BY THE COURT:**

                                      */s/ Mitchell S. Goldberg*

                                      _____
                                      **MITCHELL S. GOLDBERG, J.**